IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD MAURICE HUDSON,

    Plaintiff,                No. CIV 07-1386 LKK KJM P

    vs.

OFFICER MICHAEL SMITH,

    Defendants.        <u>ORDER</u>

                         /

        Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $16.00 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
18  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
20  Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007) quoting Conley v.
21  Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a
22  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
23  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
24  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
25  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""
26  Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007) .  In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he choked on a bone and was refused medical care. It is unclear from the complaint whether the claimed injury is the presence of the bone in plaintiff's food or the denial of medical care. If plaintiff is seeking redress for the presence of the bone, his action is frivolous. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985) ("The Constitution requires that prisoners be provided 'reasonably adequate food'…. The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant does not amount to a constitutional deprivation."). However, if plaintiff is seeking redress for a denial of medical care, he may state a claim for an Eighth Amendment violation. He will be given the opportunity to amend his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4          In accordance with the above, IT IS HEREBY ORDERED that:
5          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
6          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
7  Plaintiff is assessed an initial partial filing fee of $16.00.  All fees shall be collected and paid in
8  accordance with this court's order to the Director of the California Department of Corrections
9  and Rehabilitation filed concurrently herewith.
10         3.  Plaintiff's complaint is dismissed.
11         4.  Plaintiff is granted thirty days from the date of service of this order to file an
12 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
13 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
14 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
15 an original and two copies of the amended complaint; failure to file an amended complaint in
16 accordance with this order will result in a recommendation that this action be dismissed
17 DATED:   November 16, 2007.

U.S. MAGISTRATE JUDGE

2
huds1384.14